
FILED
APRIL 8, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ENRIQUE GONZALEZ, SIRLIO S. GUDINO, VICTOR PEREZ, MARCELA CONTRERAS, CLAUDIA FLORES, WENDY MARTINEZ, RUBEN SAENZ, MIGUEL TALAMANTES, and AVELINO SANCHEZ, <br><br>  Plaintiffs, <br><br>v. <br><br>PALO DURO MEAT PROCESSING, INC., a Texas Corporation, TERRY D. CAVINESS and BRENT J. BIRKHOLZ, individuals, <br><br>  Defendants. | § § § § § § § § § § § § § § § § § § § | NO. 2:07-CV-033-J |

## MEMORANDUM OPINION

On July 31, 2007, Plaintiffs filed a motion asking for leave to amend their complaint and asking that this case be consolidated with cause number 2:07-cv-142-J, *Hernandez, et al v. Cainvess, et al*. Plaintiffs wish to add Caviness Beef Packers, Ltd. doing business as Palo Duro Meat Processing as a defendant. Currently, Palo Duro Meat Processing, Inc. is a Defendant in the case. On August 20, 2007, the Defendants filed a response. The motion is GRANTED in part and DENIED in part.

### Relationship between Caviness Beef Packers, Ltd. and Palo Duro Meat Processing

Palo Duro Meat Processing is closely associated with Caviness Beef Packers. Palo Duro Meat Processing ("Palo Duro") is a wholly owned subsidiary of Caviness

Packing Company, Inc. *Appendix to Motion*, p. 55. Caviness Beef Packers, Ltd. operates both the Palo Duro and the Caviness Packing plants. *Id.* Terry Caviness is the chief officer of Caviness Packing and his son runs the Palo Duro plant. *Appendix to Motion*, p. 37. The paychecks for Caviness Packing in Hereford are printed at the Palo Duro plant in Amarillo. *Id.* The computer systems of the two plants are interlinked. *Id.* Palo Duro and Caviness can access each other's payroll information, and pay practices at the facilities are the same. *Id.* This close connection means that Caviness Beef Packers, Ltd., the potential defendant to be added, has notice of the suit and is unlikely to be caught by surprise by an amendment. Caviness Beef Packers, Ltd. would not be prejudiced by the amendment.

## Standard for Joinder of a Party

Plaintiffs cite to Federal Rule of Civil Procedure 15 as authority for amending their pleadings. FED. R. CIV. PRO. 15 (2008). Rule 15 mandates that leave to amend should be "freely given when justice so requires…" *Id.* However, because the Court has already issued a scheduling order in this case establishing the deadline for joinder of parties, Rule 16(b) governs instead of Rule 15. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). Rule 16(b) allows for modification of a scheduling order "upon a showing of good cause" by the moving party. FED. R. CIV. PRO. 16(b) (2008). Plaintiffs must therefore establish good cause in order to be entitled to join an additional party as a defendant at this stage in the litigation.

Establishing "good cause" requires the moving party to show "that the [current scheduling order] deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Love v. Ford Motor Co.*, 212 Fed. Appx. 292, 295 (5th Cir.

2006), citing 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (3d ed. 2004).  In evaluating if a party has established good cause, the Court looks to four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Smith v. BCE, Inc.*, 225 Fed. Appx. 212, 217 (5th Cir. 2007), *citing S&W Enters.*, 315 F.3d at 536.

### Joinder in the Present Case

While Plaintiffs have phrased their motion as one to amend the complaint, the motion is actually a request to join an additional defendant.  The deadline in the scheduling order to join additional parties was April 30, 2007.  The Plaintiffs filed their motion to amend the complaint on July 31, 2007.  The request is therefore outside the deadlines set by the scheduling order and must be considered under Federal Rule of Civil Procedure 16(b)'s "good cause" standard.

The Court now turns to the four factors to be considered in determining if there has been "good cause" shown by the party seeking leave to amend.  First, the Court looks to the explanation for the failure to move for leave to amend within the deadlines of the scheduling order.  In their original answer of March 9, 2007, the Defendants stated that Palo Duro Meat Processing was not a proper Defendant in this action, but that Caviness Beef Packers, L.P. was the actual employer of the individuals who work at Palo Duro.  *Defendants' Original Answer*, ¶4.  Later, in their response to the Plaintiffs' motion for notice on May 20, 2007, Defendants state that Caviness Beef Packers, Ltd. is the employer of the workers at Palo Duro.  *Defendants' Response to Plaintiffs' Motion for*

*Order Authorizing Notice to Potential Plaintiffs Similarly Situated Pursuant to 29 U.S.C. §216(b), p*. 2, fn. 1. Plaintiffs' delay in requesting to amend the complaint to add the proper defendant is partially attributable to the conflicting answers provided by the Defendants as to the true employer of the workers at Palo Duro.

The second factor the Court considers is the importance of the requested amendment. In this case, the addition of Caviness Beef Packers as a defendant is critical to the progression of the lawsuit. Caviness is the actual employer of the workers who are alleging violations of the Fair Labor Standards Act (29 U.S.C. §216(b)).

The third factor the Court considers is the potential prejudice if the amendment is allowed. As explained above, the close relationship between the present defendant and the defendant to be added means that no surprise or prejudice will occur.

The final factor the Court considers is the availability of a continuance to cure such prejudice. While the Court could grant a continuance, there are no claims that doing so would benefit Defendants in dealing with the addition of Defendant Caviness Beef Packers, Ltd.

Accordingly, the Plaintiffs' motion to amend the complaint to add Caviness Beef Packers, Ltd. as a defendant is GRANTED.

## Consolidation with *Hernandez*

The Court may consolidate actions pending before it if those cases "involve a common question of law or fact…" FED. R. CIV. P. 42(a) (2008). The *Hernandez* case involves workers at the Hereford plant and the present case involves workers at the Amarillo plant. Although these workers may be employed by the same entity, the Plaintiffs have not provided sufficient evidence showing that the workers at both plants

perform the same or similar job tasks, have the same or similar duties, and use the same or similar equipment. Plaintiff's request that the present case be consolidated with *Hernandez*, cause number 2:07-cv-142-J, is DENIED.

## Conclusion

Plaintiffs' request to amend their complaint to add Caviness Beef Packers, Ltd. as a defendant is granted. Plaintiffs must immediately file their amended complaint. Plaintiffs' request to join this case with cause number 2:07-cv-142 is DENIED.

IT IS SO ORDERED.

Signed this 8th day of April 2008.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**