
**FILED**
**JULY 1, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ENRIQUE GONZALEZ, SIRILO S. GUDINO, VICTOR PEREZ, MARCELA CONTRERAS, CLAUDIA FLORES, WENDY MARTINEZ, RUBEN SAENZ, MIGUEL TALAMANTES, and AVELINO SANCHEZ, | § | |
| Plaintiffs, | § | |
| v. | § | NO. 2:07-CV-33-J |
| CAVINESS BEEF PACKERS, LTD. d/b/a PALO DURO MEAT PROCESSING, INC., a Texas Corporation, TERRY D. CAVINESS and BRENT J. BIRKHOLZ, individuals, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

On February 23, 2007, named Plaintiffs Enrique Gonzalez, Sirilo S. Gudino, Victor Perez, Marcela Contreras, Claudia Flores, Wendy Martinez, Ruben Saenz, Miguel Talamantes, and Avelino Sanchez filed this representative action for claims of unpaid wages and overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b); claims of disparate and discriminatory pay under the Equal Pay Act (EPA), 29 U.S.C. §206(d); and claims of retaliation. On September 17, 2007, Defendants filed their *Motion for Summary Judgment*. Plaintiffs filed a response on October 17, 2007. By leave of Court, Defendants filed an *Amended Motion for Summary Judgment* on May 27, 2008. Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part.

# I. BACKGROUND

The named Plaintiffs are or were employed as hourly workers by Caviness Beef Packers, Ltd., doing business as the Palo Duro Meat Processing Plant in Amarillo, Texas. Defendants Terry W. Caviness and Brent J. Birkholz are the president and director of Caviness and the chief financial officer of Caviness, respectively.

The Plaintiffs allege that Caviness did not pay its employees the overtime they were owed, did not pay them for all the hours that they worked, discriminated against female employees in their pay rates, and retaliated against employees who complained about these violations. Plaintiffs allege that they were not paid lawful wages under the FLSA for the following activities: standing in line to pick up their equipment, obtaining their equipment, donning and doffing sanitary and safety equipment, working before and after their scheduled start and end times, cleaning their equipment, attending meetings, and removing equipment from their lockers for fumigation purposes. They also allege that they were not given 30 minutes for lunch, were not given their full breaks, and had their hourly time altered by Caviness employees.

Defendants request summary judgment on the following issues: (1) that there is no genuine issue of material fact regarding Plaintiffs' FLSA compensation claims; (2) that Defendant did not willfully violate the FLSA and all claims barred by the applicable statute of limitations should be barred; (3) that the doctrine of fraudulent concealment is not applicable in this case; (4) that Jack Birkholz, Caviness Packing Company, Inc., and Palo Duro Meat Processing, Inc. are not "employers" subject to the FLSA; (5) that Plaintiffs' retaliation claims fail as a matter of law; and (6) that Plaintiffs' claims under the Equal Pay Act fail as a matter of law.

## II. DISCUSSION

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and "a party [] fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *quoting Celotex Corp.*, 477 U.S. at 323. The nonomvant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

The Court grants the Defendants' *Motion for Summary Judgment* on the following issues:

1. Fraudulent Concealment

In their complaint, Plaintiffs seek to toll the statute of limitations beyond three years based on the theory of fraudulent concealment. The burden is on the Plaintiffs to prove fraudulent concealment. *Cass v. Stephens*, 156 S.W. 3d 38, 64 (Tex. App. –El Paso 2004, pet. denied). The Plaintiffs must prove that: (1) "the defendant wrongfully concealed material facts related to defendant's wrongdoing"; (2) this concealment prevented the plaintiffs from being able to discover the nature of their claim within the limitations period; and (3) the plaintiffs exercised "due diligence" in attempting to discover the claim. *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002), *citing Corcoran v. New York Power Auth.*, 202 F.3d 543 (2d Cir. 1999), *cert. denied*, 529 U.S. 1109 (2000).

Defendants argue that there is no evidence that any information was concealed from the Plaintiffs. Defendants also provided evidence that Plaintiffs knew how much money they were owed by Defendants for the work they performed. Avelino Sanchez testified that his wife would write down the number of pounds of meat he would produce each day so he could calculate how many pounds he did per week and could compare that to his paycheck. *Defendants' appendix*, p. 237. Plaintiffs have provided no evidence that any material facts were concealed or that any concealment prevented the Plaintiffs from discovering the nature of their claims within the limitations period. In fact, one of the cases that Plaintiffs cite involved a finding for the Defendant at the summary judgment stage of an FLSA lawsuit when the Plaintiff did "not explain why he did not know that he was not being paid for all hours worked." *Fleck v. State of Oklahoma*, 888 P.2d 532, 535 (Okla. Civ. App. 1994). That court held that the shortage of pay "was evident each pay period when his pay did not reflect all the hours he knew, or should have known, that he worked." *Id.*

In response to Defendants' argument, Plaintiffs assert that they are entitled to an equitable tolling of the statute of limitations because of the Defendants' actions.[1] In their response to the motion for summary judgment, Plaintiffs state that "Defendant s practice of calling each employee into the plant manager s office, one by one, and threatening them with possible termination or retaliation if they participate in this suit is the classic type of behavior contemplated to invoke equitable tolling, see Exhibit E." *(sic)*

Equitable tolling of the statute of limitations is based on the principle that no one "may take advantage of his own wrong." *Coke v. Gen. Adjustment Bureau*, 640 F.2d 584, 596 (5th Cir. 1981), *quoting Glus v. Brooklyn E. Dist.t Terminal*, 359 U.S. 231, 232 (1959). If a Plaintiff has been "actively misled" by his employer or "prevented in some extraordinary way from exercising his rights," then equitable tolling may be appropriate. *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). In comparison, equitable estoppel is "invoked in cases where the plaintiff knew of his cause of action but the defendant's conduct caused him to delay in bringing the lawsuit." *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 50 (2d Cir. 1985).

Plaintiffs are correct that equitable tolling can apply in FLSA cases. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) ("This equitable doctrine is read into every federal statute of limitation.") However, Plaintiffs have provided no evidence that equitable tolling or equitable estoppel should be applied in this case. Plaintiffs direct the Court to their Exhibit E, which consists of 16 declarations from Caviness employees in cause No. 2:06-cv-315, *Galvan v. Caviness Beef Packers, Ltd.*. The *Galvan* case concerns claims that the Defendants violated the

---

[1] Plaintiffs also discuss equitable estoppel in this section of their response. While Plaintiffs explicitly state they are entitled to equitable tolling, it is unclear if they are also invoking the doctrine of equitable estoppel.

FLSA at their beef processing plant in Hereford, Texas. The present case arises from the Amarillo plant.

The best evidence the Plaintiffs have submitted in support of their argument that Caviness took action to mislead Plaintiffs' about their causes of action or delay Plaintiffs' filing suit is Angel Aquino's declaration.[2] Mr. Aquino said that sometimes he would complain to his supervisor, Ray Martinez and to Luis Arias "about not getting paid for all the time I worked. When I would complain about this, they would threaten to take away my bonus." This evidence is not sufficient to raise a genuine issue of material fact as to whether or not Defendants kept information from or dissuaded the Plaintiffs in *this* case. Mr. Aquino worked at the Hereford plant. There is no evidence in the record to show that what Mr. Aquino alleges happened to him also happened to employees at the Amarillo plant.

Plaintiffs have provided no evidence that any material facts were concealed. Plaintiffs have also provided no evidence to justify equitable estoppel or equitable tolling of the statute of limitations. There is no genuine issue of material fact on this issue, and Defendants' motion for summary judgment on fraudulent concealment is GRANTED.

## 2. Retaliation Claims

Defendants allege that there is no genuine issue of material fact regarding the Plaintiffs' retaliation claims. In their amended complaint, Plaintiffs allege that at least one worker was fired in retaliation for complaining about working conditions and a lack of overtime pay. Plaintiffs allege that other employees were retaliated against by being placed in unfavorable

---

[2] There is some evidence about action taken against employees based on their desire to participate in union activity. (Declarations of Miguel Estrada, Matilde Martinez, Alberto Ramirez, and Gonzalo Lira.) These declarations all involve activity that took place at the Hereford plant and not the Amarillo plant at issue in this case. Additionally, union activity and any allegations of threats against employees based on union activity are not relevant to the present lawsuit and are not a basis for equitable tolling or equitable estoppel. Some of the declarations also contain allegations of other illegal employment activity at the Hereford plant not at issue in this case. (Declarations of Joe Sturgeon, Richard Sierra, Narcizo Alcala, Rafael Hernandez, and Manuel Garcia.)

positions at work to punish them for complaints about working conditions and lack of overtime pay.

Success on a retaliation claim requires proof of the same elements required for a Title VII claim. *Hashop v. Rockwell Co.*, 867 F. Supp. 1287, 1299 (S.D. Tex. 1994), *citing Strickland v. MICA Information Systems*, 800 F. Supp. 1320, 1323 (M.D.N.C. 1992). The three elements are: (1) that the employee engaged in a protected activity; (2) that an adverse employment action followed the protected activity; and (3) that there was a causal connection between that adverse action and the protected activity. *Collins v. Baptist Mem'l Geriatric Ctr.*, 937 F.2d 190, 193 (5th Cir. 1991). Engaging in a protected activity means that the employee must have "take[n] some actions which a reasonable employer would consider an assertion that employees are entitled to the overtime pay…" *York v. City of Wichita Falls*, 944 F.2d 236, 241 (5th Cir. 1991).

The Defendants have provided evidence that named Plaintiff Avelino Sanchez was not retaliated against. Mr. Sanchez still works for Palo Duro Meat Processing. *Defendants' Appendix,* p. 200. Mr. Sanchez also answered "no" in his deposition when asked if, to his knowledge, Palo Duro Meat had "ever taken any action against any employee for complaining about working conditions?" *Id.*, p. 243. Mr. Sanchez also answered "no" when Plaintiffs' counsel asked him if, since the lawsuit was filed, anyone had suggested to him that he "might be subject to being fired." *Id.*, p. 246. Plaintiffs have provided no evidence of retaliation against Mr. Sanchez.

Plaintiffs have also failed to provide any evidence that any of the other named Plaintiffs were retaliated against. Those Plaintiffs are Enrique Gonzalez, Sirlio S. Gudino, Victor Perez, Marcela Contreras, Claudia Flores, Wendy Martinez, and Miguel Talamantes.

There is no evidence of any termination actions being taken against or unfavorable work assignments being given to the named Plaintiffs. There is no genuine issue of material fact, and Defendants' motion for summary judgment as to retaliation against the named Plaintiffs is therefore GRANTED.

### 3. Equal Pay Claims

Plaintiffs allege that Caviness pays women less than men, violating the Equal Pay Act (EPA). 29 U.S.C. §206(d). To prove a violation of the EPA, a Plaintiff must show that the employer is subject to the EPA; that the female employee was working in a position "requiring equal skill, effort, and responsibility under similar working conditions;" and that she was paid less than male employees. *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). This "necessarily requires a plaintiff to compare her skill, effort, responsibility and salary with a person who is or was similarly situated." *Jones v. Flagship International*, 793 F.2d 714, 723 (5th Cir. 1986), cert. denied, 479 U.S. 1065 (1987).

Defendants have provided evidence that women are not paid less for performing the same job that men perform. When asked if he had any information about how much women make at the plant as compared to men, Avelino Sanchez testified, "As far as I know, they earn the same as the people that work hourly." *Defendants' Appendix*, p. 233. Plaintiffs have provided no evidence that women in comparable positions are paid less than men at the plant. In fact, Plaintiffs have not provided any testimony from any of the female Plaintiffs named in this case.

There is no genuine issue of material fact about wage disparity, and no evidence to show that women in the same position are paid less than men. Defendants' motion for summary judgment on Plaintiffs' equal pay claims is GRANTED.

### All Other Claims

There are genuine issues of material fact as to: (1) Plaintiffs' FLSA compensation claims; (2) the willfulness of any violations of the FLSA; and (3) whether or not Brent Birkholz is an "employer" under the FLSA.[3] On these issues, Defendants' motion for summary judgment is DENIED.

### III. CONCLUSION

The Court grants Defendants' motion for summary judgment on the following issues: (1) the doctrine of fraudulent concealment is not applicable to Plaintiffs' FLSA claims; (2) the named Plaintiffs' retaliation claims fail as a matter of law; and (3) the Plaintiffs' Equal Pay Act claims fail as a matter of law. The Court denies Defendants' motion for summary judgment on all other issues.

IT IS SO ORDERED.

Signed this 1st day of July 2008.

/s/ Mary Lou Robinson

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3] Defendants also moved for summary judgment on the grounds that Caviness Packing Company, Inc. and Palo Duro Meat Processing, Inc. are not "employers" under the FLSA. With leave of Court, the Plaintiffs filed their First Amended Complaint on April 11, 2008. The only Defendants as of that date were and are Caviness Beef Packers, Ltd. d/b/a Palo Duro Meat Processing, Inc., Terry D. Caviness, and Brent J. Birkholz.